IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Southern Division*

REGINALD WILKERSON # 095628,

    Petitioner,

v.                                           Civil Case No.: PWG-13-778

CAROLYN SCRUGGS,

    Respondent.

## MEMORANDUM OPINION

Before the court is Reginald Wilkerson's ("Wilkerson") Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. Respondent, through counsel, has answered the petition and requests dismissal because Wilkerson has failed to exhaust his state remedies. Wilkerson has filed a reply. A hearing is unnecessary to resolve the issues. *See* Loc. R. 105.6. For reasons that follow, the court will dismiss the petition and deny a certificate of appealability.

## BACKGROUND

In his petition dated March 10, 2013, Wilkerson claims he is improperly detained by the States of Maryland and Delaware. As relief, he requests his "immediate release from the custody of Maryland and Delaware." Pet. 12, ECF No. 1. Wilkerson provides the following chronicle of events.

**November 17, 2008**- Wilkerson pleaded guilty to second-degree conspiracy in Delaware;

**November 24, 2008**- Wilkerson was "accidentally" released from Delaware to Maryland Custody on a parole retake warrant;[1]

---

[1] It appears Wilkerson's return to DOC custody on November 24, 2008, was for a parole violation, not accidental as he claims. *See* Supp. Pet. 6, ECF No. 3; *see also infra* n. 2.

> **December 12, 2008**- Wilkerson was sentenced in the Circuit Court for Baltimore City to three years of incarceration for assault (Supp. Pet. 7, ECF No. 3);
>
> **March 9, 2009-** A warrant was issued for Wilkerson by the State of Delaware;
>
> **November 23, 2010**- Wilkerson was released from Western Correctional Institution to the Sheriff of Alleghany County, Maryland;
>
> **April 4, 2011**- Wilkerson was released on his own recognizance by the Circuit Court for Allegany County; and
>
> **May 24, 2011**- Wilkerson missed a scheduled court date in Annapolis and was arrested and detained at the Baltimore Central Booking and Intake Center ("Central Booking").

Pet. 8–9. Wilkerson does not dispute the validity of his convictions nor explain why his release from Delaware to Maryland custody was "accidental."

Wilkerson submitted the instant petition at the time he was held at Central Booking on March 10, 2013. On March 13, 2013, the Circuit Court of Baltimore City found Wilkerson guilty of violating the terms of his probation and sentenced him to four years of incarceration in case no. 108354042.[2] Resp. to Show Cause Or. Exs. 1 and 2, ECF Nos. 11–1, 11–2; *See also* Md. Code Ann. Corr. Servs. ("CS") § 3–701(2) (defining "term of confinement" as "[t]he period from the first day of the sentence that begins first through the last day of the sentence that ends last"). Wilkerson was committed to the custody of the Maryland Division of Correction (DOC), and is presently housed at Jessup Correctional Institution where he is serving a term of confinement in the DOC commencing March 7, 2012, and ending on March 7, 2016. *See* Resp. to Show Cause Or. Ex. 3, ECF No. 11–3.

---

[2] On June 12, 2006, Wilkerson pleaded guilty to first-degree assault and was sentenced to three years of probation after conviction. *See* http://casesearch.courts.state.md.us/inquiry/inquiryDetail.jis? caseId=108354042&loc=69 & detailLoc=DSK8.

Since March 13, 2013, Wilkerson has been awarded diminution credits, including 179 good conduct credits and 13 special project credits. *Id.* He also earned 61 good conduct credits, 61 special project credits and 61 industrial credits for time spent in the custody of a local correctional facility under CS § 11–501, *et seq.* for a total of 375 diminution credits. Subtracting the 375 diminution credits earned from the March 7, 2016 maximum expiration date results in an anticipated mandatory supervision release date of February 26, 2015 as of June 30, 2013. *See id.*

On March 18, 2012, Chief State Detective Ron Mullin of the Delaware Attorney General's Office notified Officer Largea of the Baltimore City Police Department that Wilkerson was wanted by the State of Delaware on warrant number U709001279 and requested the lodging of a warrant as a detainer against Wilkerson. *See* Facsimile, Resp. to Show Cause Or. Ex. 4, ECF No. 11–4. The detainer was placed the same day. *See* Detainer, Resp. to Show Cause Or. Ex. 5, ECF No. 11–5.

## DISCUSSION

Respondent asserts that Wilkerson's claims for habeas corpus relief concerning his confinement in Maryland should be dismissed for lack of exhaustion. *See* Resp. to Show Cause Or. 3, ECF No. 11. Furthermore, respondent asserts that only a Delaware court has jurisdiction to address Wilkerson's claims regarding the legality of the warrant issued in Delaware; therefore, these claims should be dismissed as well. *Id.* at 5.

In his reply, Wilkerson explains that he wrote to the various offices, including the Public Defender, the prison law librarian, and his case manager requesting habeas corpus forms, but received none. Pet'r's Reply 1–2, ECF No. 12. He seemingly blames his failure to exhaust Maryland remedies on an inability to procure state habeas corpus forms. *See id.*; *see also* Supp. Pet. 6–11.

Before a prisoner may file a petition for habeas relief in federal court, he must exhaust each claim presented to the federal court using remedies available in state court. *See Rose v. Lundy*, 455 U.S. 509, 510 (1982). The exhaustion requirement "is rooted in considerations of federal–state comity," and in the Congressional determination reflected in the federal habeas statutes "that exhaustion of adequate state remedies will 'best serve the policies of federalism.'" *Preiser v. Rodriguez*, 411 U.S. 475, 491–92 & n.10 (1973)). The purpose of the exhaustion is "to give the State an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Picard v. Connor*, 404 U.S. 270, 275 (1971) (internal citations omitted). Thus, exhaustion requires that a petitioner offer the state courts an adequate opportunity to address the constitutional claims advanced on federal habeas. *See Baldwin v. Reese*, 541 U.S. 27, 29 (2004); *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (per curiam). This requirement is satisfied by seeking review of each claim in the highest state court with jurisdiction to consider the claim. *See* 28 U.S.C. § 2254(b)(1)(a), (c) (setting forth the exhaustion requirement); *Gray v. Netherland*, 518 U.S. 152, 161–66 (1996); *Coleman v. Thompson*, 501 U.S. 722, 731–32 (1991) ("a habeas petitioner who has failed to meet the State's procedural requirements for presenting his federal claims has deprived the state courts of an opportunity to address those claims in the first instance").

A Maryland inmate seeking to challenge the calculation of his term of confinement may pursue both administrative and judicial remedies. The inmate may file a grievance with the Inmate Grievance Office ("IGO"). *See Adamson v. Correctional Med. Servs., Inc.*, 753 A.2d 501, 510–11 (Md. 2000); Md. Code Ann. Corr. Serv. § 10–206(a). If the grievance is not found to be wholly lacking in merit on its face, it is referred to the Office of Administrative Hearings ("OAH") for a hearing before an administrative law judge. *See* § 10–207(c). An OAH

determination that the matter lacks merit constitutes a final decision of the Secretary of Public Safety and Correctional Services for the purpose of judicial review. *See* § 10–209(b). If the OAH finds merit, an order is forwarded to the Secretary who may affirm, reverse, or modify the order of the OAH. *See* § 10–209(c).

The Secretary's decision may be appealed in the "circuit court of the county in which the complainant is confined." § 10–210(b)(2). The inmate may then request review in the Maryland Court of Special Appeals by filing an Application for Leave to Appeal, *see* § 10–210(c)(2), and, if the Maryland Court of Special Appeals grants the Application for Leave to Appeal but denies relief on the merits, the inmate may seek review in the Maryland Court of Appeals by filing a petition for writ of certiorari, *see Williams v. State*, 438 A.2d 1301, 1305 (Md. 1981); Md. Code Ann., Cts. & Jud. Proc. § 12–202.

An inmate who "alleges entitlement to immediate release and makes a colorable claim that he or she has served the entire sentence less any mandatory [diminution] credits" may request relief directly from the Maryland circuit courts by petitioning for a writ of habeas corpus. *See Maryland House of Corr. v. Fields*, 703 A.2d 167, 175 (1997), *abrogated in part on other grounds by Moats v. Scott*, 751 A.2d 462, 469 (Md. 2000). The inmate may appeal the Circuit Court's decision to the Maryland Court of Special Appeals, and may thereafter seek certiorari in the Court of Appeals of Maryland. *See generally Stouffer v. Pearson*, 887 A.2d 623 (Md. 2005); *Stouffer v. Staton*, 833 A.2d 33 (Md. App. 2003); *Jones v. Filbert*, 155 Md. App. 568, 843 A.2d 908 (2004).

In this matter, Wilkerson neither demonstrates exhaustion of state remedies in Maryland or Delaware, nor provides factual support for his contention that he is improperly incarcerated in Maryland. Although he appears to have written numerous offices in an attempt to begin state

5

habeas proceedings, no state court proceedings were filed. He claims the state withheld the forms necessary to file a state habeas petition. Pet'r's Reply 1–2. Though he appears to have begun the grievance process, he does not provide evidence of exhaustion or even the first level of appeal. *See* Grievance Resp. Form 9, Pet'r's Reply Attach., ECF No. 3-1. On his Petition, Wilkerson does not claim to have pursued his administratively available remedies within the DOC. *See* Pet. 3–5. Wilkerson's claims concerning his detention in Maryland and his detainer, requested by Delaware, shall be dismissed without prejudice so that he can pursue his claims in state court, as may be appropriate.

## CONCLUSION

For these reasons, the petition shall be dismissed without prejudice. A certificate of appealability shall not issue as there has been no "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A separate order follows.


September 6, 2013          /S/
Date          Paul W. Grimm
         United States District Judge

jwr